AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 20CR2227-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CARLA LETICIA PIMENTAL-CHAVEZ | (COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 35) and after considering the applicable factors provided in 18 U.S.C. § 3553(a),

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

Defendant has failed to establish a basis for compassionate relief under Section 3582(c)(1)(A)(i). Defendant claims that extraordinary and compelling reasons for release exist under a provision of the form motion which provides "the caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children."[1] However, Defendant also indicates that she is seeking release to a halfway house to provide financial assistance to her sister who has her 3-year-old son and her mother-in-law who has her 4-month-old baby. Defendant does not demonstrate that either caregiver has become incapacitated,

---

[1] This provision likely stems from the Application Notes to U.S. Sentencing Guideline §1B1.13, which sets forth the policy statement issued by the Sentencing Commission regarding 18 U.S.C. § 3582(c)(1)(A). Although the Ninth Circuit has determined that this policy statement is not applicable to motions filed by a defendant under the recently amended § 3582(c)(1)(A), the court recognized that it may inform a district court's discretion. *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).

or that she is the only available caregiver. The desire to provide financial assistance to one's children who are in the care of family members, while certainly understandable, does not constitute an "extraordinary and compelling" basis for compassionate release.

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated: June 16, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge